UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**LAURI WRIGHT,**

                                       **Plaintiff,**

                -v-                                        3:13-CV-211 (NAM/DEP)

**BASSETT HEALTHCARE NETWORK, MIKE TREEN,**

                                       **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Lauri Wright
Plaintiff, *pro se*

Nixon Peabody LLP
Kacey E. Houston, Esq., of counsel
677 Broadway, 10th Floor
Albany, New York 12207
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

      Plaintiff, *pro se*, brought this action in New York State Supreme Court, Otsego County, against her employer, defendant The Mary Imogene Bassett Hospital d/b/a Bassett Medical Center f/k/a Bassett Healthcare ("Bassett") (sued as Bassett Healthcare Network) and Bassett's Accounting Manager, defendant Michael Treen. In the complaint, plaintiff challenges Bassett's actions in response to a notice of levy issued against plaintiff's wages by the Internal Revenue Service ("IRS"). *See* 26 U.S.C. § 6331. Plaintiff claims that defendants breached their fiduciary duties when they complied with the levy, which plaintiff asserts is legally deficient. Defendants removed the action to district court on the ground of federal question jurisdiction. *See* 28 U.S.C.

§§ 1331, 1446(a).

Presently before the Court are three motions: defendants' motion (Dkt. No. 5) to dismiss the complaint for lack of jurisdiction and failure to state a claim, Fed. R. Civ. P. 12(b)(1),(6); plaintiff's motion (Dkt. No. 6) to remand to state court, 28 U.S.C. § 1447(c); and plaintiff's motion (Dkt. No. 12) for leave to amend the complaint. Fed. R. Civ. P. 15(a)(2). As set forth below, the Court denies plaintiff's motion (Dkt. No. 6) to remand. Plaintiff's motion (Dkt. No. 12) for leave to file an amended complaint is granted to the extent that plaintiff is given leave to file an amended complaint within 30 days of this Memorandum-Decision and Order; the United States of America must be made a party to any cause of action that implicates the Government's interest in the prompt collection of delinquent taxes; and if plaintiff fails to file an amended complaint within 30 days of this order, the case will be dismissed without further order of the Court in accordance with the Memorandum-Decision and Order herein. The Court grants defendants' motion (Dkt. No. 5) to dismiss the complaint to the extent that, if plaintiff does not file an amended complaint in accordance with this Memorandum-Decision and Order within 30 days, the case will be dismissed; if plaintiff does timely file an amended complaint, the motion to dismiss is denied as moot.

## DISCUSSION

**Plaintiff's motion to remand**

Defendants base their removal of this action on federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The notice of removal states as follows:

-2-

> This Court has original jurisdiction over this action because the Complaint bases its claims against the defendants on their compliance with an allegedly "legal[ly] deficien[t]" Notice of Levy on the plaintiff's wages. The legal sufficiency of such Notice of Levy is governed by the Internal Revenue Code, a body of federal law. *See* 26 U.S.C. § 6331. The Complaint therefore raises a federal question on its face. *See* 28 U.S.C. § 1331.

(Citation to record omitted.)

Plaintiff's summons with notice (Dkt. No. 1), filed in New York State court, states the following:

> <u>Notice</u> The nature of this action is:
>
> Defendants converted plaintiff's property by honoring a "Notice of Levy" without a court order.
>
> The relief sought is an injunction against any further levy actions and $100,000 in damages.

The complaint (Dkt. No. 1) alleges as follows:

> 3. As Plaintiff's Employer, Bassett Healthcare Network has a fiduciary duty to protect Plaintiff's remuneration.
>
> 4. Mr. Treen as the manager of the payroll department also has a fiduciary duty to protect Plaintiff's remuneration.
>
> 5. Plaintiff was informed on October 16th, 2012 that Bassett Healthcare Network was in receipt of a "notice of levy" and intended to honor it.
>
> 6. On October 22, 2012 defendant hand delivered upon defendants a sworn affidavit rebutting the "notice of levy."
>
> 7. Said rebuttal pointed out several legal deficiencies of the notice and spelled out defendant's fiduciary duty in protecting plaintiff's remuneration from a mere "notice of levy."
>
> 8. Employees in the payroll department refused to sign for, acknowledging receipt of plaintiff's instrument.
>
> 9. An additional instrument was sent to defendants via certified mail #7010 0290 0000 9319 6335.

> 10. Notwithstanding this fiduciary duty, defendants ignored plaintiff's rebuttal and honored the "notice of levy."
>
> 11. Defendants' imposition of the "notice of levy" has caused Plaintiff severe financial hardship and emotional distress and embarrassment.
>
> 12. By reason of the facts and circumstances stated above, plaintiff has been damaged in the sum of $l00,000.
>
> Wherefore, plaintiff demands that Court orders the defendants to stop all levy actions against plaintiff's remuneration and enter a judgment for money and emotional distress damages, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

In moving to remand under 28 U.S.C. § 1447(c), plaintiff argues that she does not assert a federal claim, and that her sole cause of action is a state-law claim based on defendants' breach of their fiduciary duty towards her.[1]  As a general rule:

> The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule. That rule provides that federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law, and only when plaintiff's well-pleaded complaint raises issues of federal law. Under the well-pleaded complaint rule, the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available.

*Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998) (citations and quotation marks omitted).

In certain cases, however, even where a plaintiff pleads only state-law claims, federal

---

[1] The Court does not view plaintiff's motion for leave to amend her complaint to plead federal claims (Dkt. No. 12) as indicating that she wishes to withdraw her motion for remand (Dkt. No. 5) and proceed in federal court. In her remand motion, after requesting remand, plaintiff adds: "Absent remand, Plaintiff moves the Court to enter an order to allow plaintiff to amend the complaint for Federal subject-matter jurisdiction." Likewise, in her motion for leave to amend the complaint, plaintiff states: "This amended complaint is in case you deny the motion to remand and grant the request to amend the complaint." Plainly, amendment of the complaint is sought only in the alternative, to avoid dismissal of her case if remand is denied. Thus, the Court addresses plaintiff's motion for remand despite her filing of the motion for leave to serve a proposed amended complaint asserting federal claims.

subject-matter-jurisdiction may exist. As the Supreme Court explains, there is "another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction, this Court having recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). In *Grable*, the plaintiff brought a quiet-title action in Michigan state court against the defendant, which had purchased at an IRS tax sale real property formerly owned by the plaintiff. The plaintiff claimed that, when seizing the property to satisfy plaintiff's tax delinquency, the IRS failed to give plaintiff the notice required by the Internal Revenue Code, 26 U.S.C. § 6335, and that therefore the defendant's title was invalid. The defendant removed the action to district court, which retained jurisdiction on the ground that the plaintiff's claim posed a significant question of federal law, *i.e.*, the type of notice required by section 6335, and upheld the defendant's title based on its interpretation of that section. In holding that the exercise of federal jurisdiction was proper, despite the fact that a claim to quiet title is a state – not a federal – cause of action, the *Grable* court noted that there is not a "single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims between non-diverse parties." *Id.* at 314 (citation and quotation marks omitted). Rather, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id*.

Applying *Grable* to the instant action, the Court finds that plaintiff's state-law claims as asserted in the complaint "necessarily raise" a federal issue, specifically, whether the IRS notice of levy was valid. In her summons with notice, plaintiff states that defendants "converted

plaintiff's property by honoring a 'Notice of Levy' without a court order." The complaint states that plaintiff provided defendants with a "rebuttal" of the notice of levy, "point[ing] out several legal deficiencies of the notice and spell[ing] out defendant's fiduciary duty in protecting plaintiff's remuneration from a mere 'notice of levy,'" but that, "[n]otwithstanding this fiduciary duty, defendants ignored plaintiff's rebuttal and honored the 'notice of levy.'" The notice of levy's alleged legal deficiency under the Internal Revenue Code is an essential element of plaintiff's claim that defendants breached their fiduciary duty towards her by acting on the notice of levy. Thus, plaintiff's claim necessarily raises federal issues concerning the statutory requirements for a valid notice of levy.

Further, although a review of the complaint on its face is sufficient to establish that it necessarily raises a federal issue, a review of plaintiff's rebuttal, to which plaintiff refers in her complaint, bolsters this conclusion. Among other things, the rebuttal asserts that the notice improperly levies on her weekly earnings, which are exempt under 26 U.S.C. § 6334(a)(9);(d); that the notice of levy is signed by an operations manager, who is not an authorized officer pursuant to 26 U.S.C. § 7608; and that the notice of levy is invalid because it is not supported by a court order. Clearly, the rebuttal necessarily raises federal issues.[2]

Under *Grable*, "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be

---

[2] In the penultimate paragraph of the rebuttal, plaintiff advises defendant Treen that "[c]ontinuing wage levies may not exceed 15 percent (%) of a person's salary." The rebuttal does not, however, claim that the levy of plaintiff's wages actually exceeds the 15% limit. The claim that the levy exceeds the 15% limit is raised for the first time in the proposed amended complaint. The amount of a taxpayer's wages to be paid in response to an IRS levy is determined based on federal statutory and regulatory requirements; therefore, to the extent that this point is raised in the rebuttal, it necessarily raises a federal issue. *See* 26 U.S.C. §§ 6331, 6332, 6334; 26 C.F.R. §§ 301.6334-2; 301.6334-3.

inherent in a federal forum." *Id*. at 313.  It is beyond dispute that the Government "has a strong interest in the prompt and certain collection of delinquent taxes." *Id.* at 315 (internal quotation marks omitted).  Plaintiff's claim that defendants should not have honored the IRS notice of levy because it had "several legal deficiencies" clearly implicates that governmental interest.  Such a claim raises questions of law which may result in a ruling that is controlling in other cases, *compare Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (denying federal jurisdiction, noting that case was "fact-bound and situation-specific"), and, in view of the strong governmental interest involved, the potential for inconsistent state court rulings should be avoided.  Moreover, the collection of delinquent federal taxes by the IRS, a federal agency, pursuant to the federal statutory scheme, is primarily a federal concern; therefore, the balance between federal and state judicial responsibilities will not be disturbed by denial of remand.  Whether an IRS levy complies with the Internal Revenue Code's requirements such that an employer must honor it is an issue that "sensibly belongs in a federal court."  *Grable,* 545 U.S. at 315.  For the same reasons, the United States of America is a necessary party to these claims.  Accordingly, plaintiff's motion for remand (Dkt. No. 6) is denied.

**Plaintiff's motion to amend the complaint**

Plaintiff moves (Dkt. No. 12) for leave to amend her complaint in the event that her motion to remand is denied.  District courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Leave to amend should, however, be denied if repleading would be futile.  *Id.*

The proposed amended complaint states that it is brought pursuant to "28 U.S.C. § 1983." Presumably, plaintiff intended to cite 42 U.S.C. § 1983, which establishes a cause of action

against anyone who, under color of law, subjects a person to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Recovery under 42 U.S.C. § 1983 is premised upon a showing, first, that the defendant has denied the plaintiff a constitutional or federal statutory right and, second, that such denial was effected under color of state law." *Patterson v. Coughlin*, 761 F.2d 886, 890 (2d Cir. 1985).

The facts alleged in the proposed amended complaint (Dkt. No. 12) are as follows:

5. As Plaintiff's employer, Bassett Healthcare Network and Mr. Treen as manager of the accounting department had a fiduciary duty to protect Plaintiffs property in the form of her remuneration.

6. Plaintiff was informed on October 16th, 2012, that Bassett Healthcare Network was in receipt of Form 668-A(c) (DO), entitled "NOTICE OF LEVY" from the Internal Revenue Service ("IRS") and intended to honor it.

7. On October 22, 2012 [plaintiff] hand delivered upon defendants an instrument in the form of a sworn affidavit rebutting the "notice of levy." Said rebuttal raised several questions about the legality and the lack of Due Process of said notice.

8. The rebuttal instrument spelled out defendant's fiduciary duty in protecting plaintiff's remuneration from a mere "notice of levy."

9. Defendants refused to sign for the rebuttal instrument and an additional instrument was sent to defendants via certified mail #7010 0290 0000 9319 6335.

10. Defendants failed to respond to Plaintiff's Rebuttal document in any way other than to ask Plaintiff why she sent them an additional copy by certified mail.

The first cause of action asserts that defendants infringed plaintiff's Fourth Amendment right to be free from unwarranted seizures when they wrongfully acted on the "mere Notice of Levy" which was legally deficient. The second cause of action asserts that, despite their fiduciary

-8-

duty, defendants honored the notice of levy and "ignored the statute that states that an on-going levy may not exceed 15%." The relief requested is money damages and an injunction "against the Defendants to stop all unwarranted garnishment actions against Plaintiff's remuneration."

Plaintiff is given leave to amend her complaint. The relief plaintiff seeks in both the initial complaint and the proposed amended complaint implicates the Government's interest in the prompt collection of delinquent taxes, *see Grable*, 545 U.S.at 315, and therefore the United States is a necessary party. Plaintiff must, therefore, redraft her pleading to add the United States of America as a party defendant.

If plaintiff chooses to redraft her proposed amended complaint in other respects and/or to reassert claims from her initial complaint, the Court recommends that she take into account the following. The first cause of action asserts that defendants infringed plaintiff's Fourth Amendment right to be free from unwarranted seizures when they wrongfully acted on the "mere Notice of Levy" which was legally deficient because it "was not only the wrong statutory form for a levy but it was not accompanied by a warrant/court order." These allegations of deficiencies lack merit. Well-settled law establishes the following: a court order is not required in order for a notice of levy to be effective, *see United States v. Rodgers*, 461 U.S. 677, 682 (1983) (stating IRS administrative levy "does not require any judicial intervention"); a notice of levy is sufficient to impose on an employer the obligation to act thereon, *see Schiff v. Simon & Schuster, Inc.*, 780 F.2d 210, 212 (2d Cir. 1985) (finding "absolutely meritless" plaintiff's argument that "by using a 'Notice of Levy' form rather than a 'Levy' form, the IRS did not properly make a levy upon his property"); and an employer's compliance with the obligation to honor the levy extinguishes its liability to the claimant of the property. *See* 26 U.S.C. § 6332(e); *Schiff*, 780 F.2d at 212. The

first cause of action also fails to set forth any basis to find that defendants were acting under color of state law, an essential element of a section 1983 claim. Mere compliance by an employer with an IRS notice of levy does not constitute an action under color of state law. "To hold otherwise would effectively vitiate the 'color of state law' requirement of Section 1983[.]" *Bey v. United Parcel Serv., Inc.*, 2012 WL 4328379, *8 (E.D.N.Y. Sept. 20, 2012) (holding that defendant employer "was not rendered a state actor, or acting under color of state law, by virtue of its conduct in withholding taxes from plaintiff's wages pursuant to its statutory duties."). As presently pleaded, plaintiff's first cause of action in her proposed amended complaint lacks merit as a matter of law. Moreover, as noted, plaintiff's claim that defendants should not have acted on the levy necessarily implicates the Government's interest in the prompt collection of delinquent taxes, and the United States is a necessary party to any such claim.

The second cause of action in the proposed amended complaint asserts that "[n]otwithstanding Defendants' fiduciary duty, Defendants ignored Plaintiffs' rebuttal and honored the 'notice of levy'"; that defendants have "ignored the statute that states that an on-going levy may not exceed 15%"; that plaintiff informed defendants of the 15% limit in her rebuttal instrument and in a telephone conversation; and that "Defendant willingly chooses to ignore Plaintiff's constitutional rights, court cases, and statues, instead relying on IRS pamphlets which carry no weight of law." It appears that plaintiff believes that defendants have incorrectly calculated the amount of wages paid to the Government pursuant to the notice of levy.[3] A claim that defendants are paying to the Government an excessive percentage of plaintiff's wages

---

[3] For example, under some circumstances, it is the employer's responsibility to apply exemptions in calculating the amount of wages to be paid in response to an IRS levy based on federal statutory and regulatory requirements. *See* 26 U.S.C. § 6334; 26 C.F.R. §§ 301.6334-2(c)(2); 301.6334-3.

necessarily implicates the Government's interest in the prompt collection of delinquent taxes. The United States is a necessary party to any such claim.

Finally, with exceptions that do not appear to be applicable here, the Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person[.]" 26 U.S.C. § 7421(a). Thus, courts generally lack subject-matter jurisdiction over claims to enjoin the United States from collecting taxes. *See Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962).

To conclude, plaintiff is given leave to file an amended complaint within 30 days of this Memorandum-Decision and Order. The United States must be made a party to any cause of action that implicates the Government's interest in the prompt collection of delinquent taxes. If plaintiff fails to file an amended complaint within 30 days of this order, the case will be dismissed without further order of the Court on the grounds that all claims in both the initial complaint (Dkt. No. 1) and the proposed amended complaint (Dkt. No. 12) lack a necessary party, *viz.*, the United States; and the Court lacks subject-matter jurisdiction over the claim for injunctive relief.

**Defendants' motion to dismiss**

Defendants' motion to dismiss (Dkt. No. 5) is granted to the extent that, if plaintiff does not file an amended complaint in accordance with this Memorandum-Decision and Order within 30 days, the case will be dismissed. If plaintiff does timely file an amended complaint, the motion to dismiss is denied as moot.

## CONCLUSION

It is therefore

ORDERED that defendants' motion (Dkt. No. 5) to dismiss the complaint is granted to the

extent that, if plaintiff does not file an amended complaint in accordance with this Memorandum-Decision and Order within 30 days, the case will be dismissed; and if plaintiff does timely file an amended complaint, the motion to dismiss is denied as moot; and it is further

ORDERED that plaintiff's motion (Dkt. No. 6) to remand is denied; and it is further

ORDERED that plaintiff's motion (Dkt. No. 12) for leave to file an amended complaint is granted to the extent that plaintiff is given leave to file an amended complaint within 30 days of this Memorandum-Decision and Order; the United States of America must be made a party to any cause of action that implicates the Government's interest in the prompt collection of delinquent taxes; and **if plaintiff fails to file an amended complaint within 30 days of this order, the case will be dismissed without further order of the Court in accordance with the Memorandum-Decision and Order herein**; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date:   January 21, 2014
        Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge