UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**LAURI WRIGHT and THOMAS WRIGHT,**

**Plaintiffs,**

-v-                           3:13-CV-211 (NAM/DEP)

**BASSETT HEALTHCARE NETWORK, MIKE TREEN,
UNITED STATES GOVERNMENT, INTERNAL REVENUE
SERVICE, and UNITED STATES OF AMERICA,**

**Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Lauri Wright and Thomas Wright
P.O. Box 32
South New Berlin, New York 13843
Plaintiffs, *pro se*

Nixon Peabody LLP
Andrew C. Rose, Esq., of counsel
Kacey E. Houston, Esq., of counsel
677 Broadway, 10th Floor
Albany, New York 12207
Attorney for Defendants Bassett Healthcare Network and Mike Treen

United States Department of Justice - Tax Division
Stephanie Chernoff, Esq., of counsel
P.O. Box 55
Ben Franklin Station
Washington, DC 20044
Attorney for United States Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

Presently before the Court are (1) a motion (Dkt. No. 21) by defendants Bassett

Healthcare Network and Mike Treen ("Bassett defendants") to dismiss the amended complaint

(Dkt. No. 17); and (2) a motion (Dkt. No. 40) by defendants United States Government, Internal Revenue Service, and the United States of America ("United States") for a more definite statement, Fed. R. Civ. P. 12(e). In a previous decision herein (Dkt. No. 14), this Court gave Lauri Wright, the sole plaintiff in the initial complaint, leave to file an amended complaint. Lauri Wright and Thomas Wright filed an amended complaint (Dkt. No. 17), and, apparently in response to the pending motions, a second amended complaint (Dkt. No. 44, attachment 1). The Court accepts the second amended complaint (Dkt. No. 44, attachment 1) as the operative pleading. As set forth below, the Court deems the Bassett defendants' motion (Dkt. No. 21) to dismiss the amended complaint to be directed towards the second amended complaint, and grants the motion with prejudice and without leave to replead. The Court denies the United States' motion (Dkt. No. 40) for a more definite statement, and directs the United States to serve and file an answer within 14 days.

## SECOND AMENDED COMPLAINT

The Court accepts the second amended complaint as the operative pleading in the action. The Clerk of the Court is directed to docket the second amended complaint (Dkt. No. 44, attachment 1) separately as the Second Amended Complaint.

## MOTION BY BASSETT DEFENDANTS

To survive a dismissal motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87,

98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See ATSI*, 493 F.3d at 98. "A complaint should be especially liberally construed when it is submitted *pro se* and alleges civil rights violations." *Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008). The submissions of a *pro se* litigant should be interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted). A court should not dismiss a *pro se* complaint without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Where, however, the problem with a *pro se* plaintiff's claim is substantive, and repleading would be futile, leave to replead should be denied. *Id*.

With respect to plaintiffs' claims against Bassett Healthcare Network, Lauri Wright's employer, and Mike Treen, manager of Bassett Healthcare Network's accounting department, the amended complaint and the second amended complaint are indistinguishable. Therefore, the Court deems the Bassett defendants' dismissal motion to be directed to the second amended complaint. Plaintiffs' claims against the Bassett defendants stem from their compliance with an IRS notice of levy. As the Court noted in its previous Memorandum-Decision and Order herein (Dkt. No. 14), an employer's compliance with the obligation to honor an IRS levy extinguishes its liability to the claimant of the property. *See* 26 U.S.C. § 6332(e); *Schiff v. Simon & Schuster, Inc*., 780 F.2d 210, 212 (2d Cir. 1985). It is clear from plaintiffs' opposition papers (Dkt. No. 24), amended pleadings (Dkt. Nos. 17, 44), and other submissions that plaintiffs' claims against the Bassett defendants are based solely on plaintiffs' challenges to the validity of the underlying

tax assessments and fees and to the United States' authority to issue the IRS notice of levy to plaintiff Lauri Wright's employer. Therefore, the Bassett defendants' compliance with their obligation to honor the levy extinguishes their liability to plaintiffs as a matter of law.

Construing plaintiffs' claims most liberally, interpreting them to raise the strongest arguments that they suggest, and taking all of plaintiffs' submissions into account, the Court concludes that plaintiffs have no cognizable claim against the Bassett defendants. The problem with these claims is substantive; better pleading will not cure them. Therefore, granting plaintiffs another opportunity to amend would be futile. The Court grants the motion (Dkt. No. 21) by the Bassett defendants and dismisses the second amended complaint against them with prejudice and without leave to replead.

## MOTION BY UNITED STATES

The United States moves (Dkt. No. 40) for an order directing plaintiffs to provide a more definite statement under Fed. R. Civ. P. 12(e). Rule 12(e) provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The United States argues that the amended complaint (Dkt. No. 17) does not contain a short and plain statement of claims showing that the plaintiff is entitled to relief, and that the allegations in the complaint are not simple, concise, or direct. The United States specifies paragraphs which lack dates, are vague, or lack allegations that can be admitted or denied.

In response to the United States' motion, plaintiffs file a Memorandum of Law, with two attachments: the second amended complaint and an affirmation from Lauri Wright (Dkt. No. 44). Lauri Wright's affirmation states that the second amended complaint "is to correct the statements

the U.S. District Attorney found confusing." The second amended complaint repeats everything set forth in the amended complaint and adds a few details, such as that the complaint "covers 'Taxable years' 2001-2013"; that "[e]ventually Plaintiffs received numerous Assessment Notices from the IRS seeking a filing for a '1040' or '1040A' tax for unfiled 'taxable years'"; that Lauri Wright "just received a letter stating that her overpayment for 'Taxable Year' 2003 was being applied to her taxes owed for 2006"; and that "all assessment documents have been legal[ly] deficient [for] failing to contain all the necessary documents." Because the two pleadings are practically identical, the Court treats the United States' motion for a more definite statement as directed towards the second amended complaint.

The Court recognizes that plaintiffs' second amended complaint lacks concise details and dates. Nevertheless, it is not so vague or ambiguous that the United States cannot reasonably prepare an answer. An order directing these *pro se* plaintiffs to prepare yet another complaint will cause delay and, in view of plaintiff's submissions up to this point, is unlikely to prompt plaintiffs to condense and simplify their allegations. Therefore, the motion is denied. The United States is directed to serve and file an answer to the second amended complaint within 14 days of the date of this Memorandum-Decision and Order.

## CONCLUSION

It is therefore

ORDERED that the second amended complaint (Dkt. No. 44, attachment 1) is accepted as the operative pleading in the action; and it is further

ORDERED that the Clerk of the Court is directed to docket the second amended complaint (Dkt. No. 44, attachment 1) separately as the Second Amended Complaint; and it is

-5-

further

ORDERED that the motion (Dkt. No. 21) by defendants Bassett Healthcare Network and Mike Treen to dismiss the amended complaint against them, deemed to be a motion to dismiss the second amended complaint, is granted, and all claims against them are dismissed with prejudice and without leave to replead; and it is further

ORDERED that the motion (Dkt. No. 40) by defendants United States Government, Internal Revenue Service, and United States of America for a more definite statement is denied; and it is further

ORDERED that defendants United States Government, Internal Revenue Service, and United States of America are directed to serve and file an answer within 14 days of the date of this Memorandum-Decision and Order; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York, and to serve plaintiffs Lauri Wright and Thomas Wright by certified mail, return receipt requested

IT IS SO ORDERED.

Date: October 27, 2014
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge