UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

**LAURI WRIGHT and THOMAS WRIGHT,**

                               **Plaintiffs,**

                **-v-**                                      **3:13-CV-211 (NAM/DEP)**

**BASSETT HEALTHCARE NETWORK, MIKE TREEN, UNITED STATES GOVERNMENT, INTERNAL REVENUE SERVICE, and UNITED STATES OF AMERICA,**

                               **Defendants**.

◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

APPEARANCES:

Lauri Wright and Thomas Wright
P.O. Box 32
South New Berlin, New York 13843
Plaintiffs, pro se

Nixon Peabody LLP
Andrew C. Rose, Esq., of counsel
Kacey E. Houston, Esq., of counsel
677 Broadway, 10th Floor
Albany, New York 12207
Attorney for Defendants Bassett Healthcare Network and Mike Treen

United States Department of Justice - Tax Division
Stephanie Chernoff, Esq., of counsel
P.O. Box 55
Ben Franklin Station
Washington, DC 20044
Attorney for United States Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

On October 27, 2014, this Court issued a Memorandum-Decision and Order (Dkt. No. 47)

accepting the second amended complaint as the operative pleading in the action and dismissing all

claims against defendants Bassett Healthcare Network and Mike Treen. The United States now

moves (Dkt. No. 50) to dismiss the second amended complaint (Dkt. No. 48) on grounds of failure to state a claim and lack of subject-matter jurisdiction.

To survive a dismissal motion under Fed. R. Civ. P. 12(b)(6), "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All allegations contained in the complaint are assumed to be true; this tenet, however, does not apply to legal conclusions. *Id*. A complaint should be especially liberally construed when it is submitted *pro se*. *See Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008) (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)). The submissions of a *pro se* litigant should be interpreted to raise the strongest arguments that they suggest. *See Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Plaintiffs' principal claim against the United States is for civil damages under 26 U.S.C. § 7433(a), which provides the exclusive remedy for damages where, "in connection with any collection of Federal tax ... any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of [the Internal Revenue Code or regulations]." Section 7433 is a limited waiver of sovereign immunity. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). By its plain terms, it provides a remedy only for improper conduct in connection with collection – not assessment – of a federal tax by an officer or employee of the Internal Revenue Service ("IRS"). *See Hudson Valley Black Press v. I.R.S.*, 409 F.3d 106, 112 (2d Cir. 2005) (stating that section 7433 "only permits damages actions relating to

tax collection" and that "the legislative history of § 7433 ... establishes that the failure of Congress to include a damages action for tax assessment activities was not inadvertent."); *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994) ("[A] taxpayer cannot seek damages under § 7433 for an improper assessment of taxes."); *Dockery v. U.S. Dep't of Treasury*, 593 F. Supp. 2d 258, 260 (D.D.C. 2009), *aff'd* 358 Fed.Appx. 206 (D.C. Cir. 2009) ("Absent allegations that the IRS engaged in improper collection procedures, even if those procedures followed an improper assessment activity, plaintiff cannot collect damages under Section 7433."); *Dourlain v. I.R.S.*, 2008 WL 4605958, *5 (N.D.N.Y. Aug. 27, 2008) ("[Section] 7433 applies to the collection process, not the merits of an assessment."), *aff'd sub nom. Dourlain v. United States*, 367 F. App'x 229 (2d Cir. 2010).

Plaintiffs' Second Amended Complaint (Dkt. No. 48) alleges an illegal levy on plaintiffs' wages, based on the following allegations: that plaintiffs "revoked" their signatures on social security forms; that therefore plaintiffs were not subject to or liable for income taxes; that due to their "non-taxpayer status" they stopped filing tax returns; that they filed W-4 forms with their employers claiming "exempt" status; that eventually they received numerous assessment notices; that "over the years" the IRS documents were so erroneous that plaintiffs "were forced to refuse for cause" all such documents; that plaintiffs sent numerous letters to the IRS explaining their position; that the IRS penalized plaintiffs for numerous frivolous filings; and that the IRS continued to harass them by sending numerous documents. Plaintiffs further allege that the IRS filed a notice of levy against plaintiff Thomas Wright and garnished his wages; that the IRS instructed plaintiffs' employers to withhold plaintiffs' wages at a "single, 0 dependents" rate; and that their income is exempt from levy under 26 U.S.C. § 6334(a)(9) and (d)(1) because it does not

come under "Subtitle A, Taxable Year" income.[1] The "Summary" section of the second amended complaint states in full:

> 38. Plaintiffs' are not "taxpayers" and they have no lawfully applied delinquent taxes, the tax laws and statutes in question were misapplied to the plaintiffs status of "Non taxpayer". Plaintiffs' are non taxpayers due simply to the fact they have no "taxable year", subtitle A under §1441, § 1442 or § 1443 income.
> 39. IRS has ignored every document package that Plaintiffs have sent them.
> 40. Plaintiffs have refused for cause all assessments and other instruments they received from the IRS. All assessment documents have been legal deficient failing to contain all the necessary documents required by IRM  1 4. 19.17.1.2, Chief Counsel.
> 41. In each instrument sent to the IRS there was a request for Administrative review. All assessments were responded to with a request for Administrative Review and either statement within the instrument stating, "we ask that this letter stand as our request for a Collection Due Process Hearing in lieu of Form 12513." or an actual form 12153.
> 42. IRS has never given the Plaintiffs a CDPH meeting, thus denying the Plaintiffs due process rights.
> 43. The IRS uses the word "frivolous" without explanation of the legal foundation for that conclusion, and that clearly violates our Sixth Amendment right of due process and our First Amendment right of Free Speech and Petition of the Government for Redress of Grievances.
> 44. IRS contends that the Plaintiffs owe a "type 1040", "1040A" tax. Plaintiffs are not aware of any such tax and cannot find a law or regulation making them liable or subject to any such tax.
> 45. Defends have conspired to deny Plaintiff his due process rights and have illegally converted property owed the Plaintiffs.
> 46. Plaintiffs have exhausted all Administrative Remedies.

(Citation to attachment omitted.)

In opposition to the instant motion, plaintiffs write:

> Plaintiffs do not believe they don't owe taxes because they are non-taxpayers; on the contrary they are non-taxpayers because they have no tax liability. No amount of word-smithing by either the IRS or Ms. Chernoff can make a negative into a positive. Plaintiffs challenge not only the assessment which cannot legally be assessed against them because they have no "Taxable Year"

---

[1] Subtitle A to Title 26, the Internal Revenue Code, is titled, "Income Taxes."

>liability; Plaintiffs also challenge the illegal collection actions brought against them. Ms. Chernoff s use of case law and tax statutes on the surface looks very convincing if everyone was liable for "Taxable Year, Subtitle A" taxes. The U.S. has no authority to use informational returns as a method of assessment against Plaintiffs. The U.S. is not able to legally assess against Plaintiffs based on third party informational returns. Without assessment there can be no Substitute for Return (SFR) completed for Plaintiffs. Without a SFR there can be no additions of penalties and interest to a non-existent tax liability.

Plaintiffs further argue that "the addition of a frivolous filing penalty was erroneous[ly] applied due to the fact that Plaintiffs had no 'Subtitle A' income and that the Form 4852 was to correct the W-2s provided to the IRS, not only did they include incorrect numeric information but they shouldn't have been provided to the IRS in the first place." Plaintiffs refer to "Attachment 3" which is a letter to IRS explaining that they are not required to file tax returns and do not owe taxes because they have no Subtitle A income.

In essence, plaintiffs' claims are based on their view that they have no tax liability. As such, their claims are directed at the assessment, not the collection, of taxes. Plaintiffs challenge the IRS' levy and garnishment activities only on the ground that they stem from allegedly improper assessments. Likewise, the "harassment" allegations relate only to the IRS' conduct in assessing taxes and penalties. It is beyond dispute that section 7433's limited waiver of sovereign immunity does not authorize a civil action for damages arising from tax assessment activities. *See, e.g., Hudson Valley*, 409 F.3d at 112; *Dourlain*, 2008 WL 4605958 at *5, *aff'd* 367 F. App'x 229. Nor do plaintiffs' allegations support any other cognizable cause of action.[2] Upon reviewing plaintiffs' submissions, assuming their allegations to be true, and construing them to

---

[2] In opposition to this motion, plaintiffs add: "Plaintiffs have relied on more than 26 USC § 7433, as stated in their complaint they also were denied due process of law under 26 CFR § 601.106(f)(1); Conspiracy against rights under 18 USC § 241; Fraud under 18 USC §§ 1018, 1341; Extortion under 18 USC § 872; Unlawful financial transactions under 18 USC §§ 225, 1957; and lastly Wrongful actions of Revenue Officers under 26 USC § 7214."

raise the strongest arguments that they suggest, the Court holds that plaintiffs fail to state a claim to relief that is plausible on its face.

The Court is aware that a *pro se* complaint generally should not be dismissed without granting leave to amend at least once. Here, plaintiffs have already amended twice and do not request leave to serve a third amended complaint. As discussed above, it is clear from plaintiffs' submissions that their theory of liability does not fall within section 7433's limited waiver of sovereign immunity. Therefore, the problem with plaintiffs' claims is substantive, and "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). In view of this holding, the Court need not reach the other issues raised on the motion.

It is therefore

ORDERED that defendants' motion (Dkt. No. 50) is granted; and it is further

ORDERED that the second amended complaint (Dkt. No. 48) is dismissed with prejudice and the case is closed; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order on plaintiffs by certified mail, return receipt requested.

IT IS SO ORDERED.

Date: September 16, 2015
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge